## UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE THREE-JUDGE PANEL: GARY S. KATZMANN, JUDGE, TIMOTHY M. REIF, JUDGE, JANE A. RESTANI, JUDGE

|  |  |
|---|---|
| ————————————————————x | |
| STRATO TECHNOLOGY SOLUTIONS, LLC, *et al.*, | : : : |
| Plaintiffs, | : : |
| v. | : Consol. Court No. 25-00322 3JP : |
| UNITED STATES, U.S. CUSTOMS AND BORDER PROTECTION, and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection, | : : : : |
| Defendants. | : : |
| ————————————————————x | |

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

Upon reading and considering the Application for Temporary Restraining Order and the Memorandum of Points and Authorities submitted in support thereof filed by Plaintiff Strato Technology Solutions, LLC. ("Strato") and the Plaintiffs in the civil actions that have been consolidated with Strato (collectively, "Plaintiffs"), and upon due deliberation, it is hereby –

**ORDERED**, sufficient reason having been shown therefor, that pending the hearing of Plaintiffs' motion for a preliminary injunction, pursuant to Rule 65 of the United States Court of International Trade, Defendant U.S. Customs and Border Protection is temporarily restrained and enjoined from proceeding with liquidation of entries for which Plaintiffs, as importers of record ("IOR"), paid duty that was imposed pursuant to the International Emergency Economic Powers Act ("IEEPA"), pursuant to multiple Executive Orders ("IEEPA Tariff Orders") whose legality is the subject of *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025), *cert. granted*, No. 25-250, 2025 WL 2601020 (U.S. Sept. 9, 2025); *see also Learning Res., Inc. v. Trump*, 784 F. Supp. 3d 209 (D.D.C. 2025), *cert. granted before judgment*, No. 24-1287, 2025 WL 2601021 (U.S. Sept. 9, 2025) (collectively "*V.O.S. Selections*"). A list of the Harmonized Tariff Schedule of the United States ("HTSUS") subheadings on which IEEPA Duties has been imposed on importers, and which are subject to this civil action and Application for a Temporary Restraining Order, is attached as Exhibit A to this Application. A list of the consolidated Plaintiffs whose entries are enjoined from liquidation are attached in Exhibit B; and it is further –

**ORDERED** that this Order enjoining liquidation shall apply to Plaintiffs' entries that remain unliquidated as of the day on which copies of this Order are served via electronic service upon Defendants' counsel, which shall be deemed good and sufficient service thereof; and that opposition papers if any, shall be served and filed by _____:_____ __.M. on December __, 2025; and it is further –

**ORDERED**, that the parties shall appear before this Court on December __, 2025 at ____ o'clock in the _____, in Courtroom _____ of the United States Court of International Trade, One Federal Plaza, New York, New York, to present arguments concerning whether a Preliminary Injunction against liquidation of entries *pendente lite* should be issued.


Dated: _____, 2025
      New York, New York                _____
                                              Judge, U.S. Court of International Trade

**EXHIBIT A**

**HTS CODES**

| EO Authority | Subheading | Short Description | Current General Rate | IEEPA Category |
|---|---|---|---|---|
| Executive Order 14193 | 9903.01.10 | IEEPA Fentanyl Canada | The duty provided in the applicable subheading + 35% | Fentanyl |
| Executive Order 14193 | 9903.01.13 | IEEPA Fentanyl Canada - Energy | The duty provided in the applicable subheading + 10% | Fentanyl |
| Executive Order 14193 | 9903.01.15 | IEEPA Fentanyl Canada - Potash | The duty provided in the applicable subheading + 10% | Fentanyl |
| Executive Order 14193 | 9903.01.16 | IEEPA Fentanyl Canada - Transshipment | The duty provided in the applicable subheading + 40% | Fentanyl |
| Executive Order 14194 | 9903.01.01 | IEEPA Fentanyl Mexico | The duty provided in the applicable subheading + 25% | Fentanyl |
| Executive Order 14194 | 9903.01.05 | IEEPA Fentanyl Mexico - Potash | The duty provided in the applicable subheading +10% | Fentanyl |
| Executive Order 14195 | 9903.01.20 | IEEPA Fentanyl China/HK | The duty provided in the applicable subheading + 10% | Fentanyl |
| Executive Order 14195 | 9903.01.24 | IEEPA Fentanyl China/HK | The duty provided in the applicable subheading + 10% | Fentanyl |
| Executive Order 14257 | 9903.01.25 | IEEPA RT Baseline | The duty provided in the applicable subheading + 10% | Reciprocal |
| Executive Order 14257 | 9903.01.43 | IEEPA RT Cameroon/Congo | The duty provided in the applicable subheading + 11% | Reciprocal |
| Executive Order 14257 | 9903.01.44 | IEEPA RT Chad/Equatorial Guinea | The duty provided in the applicable subheading + 13% | Reciprocal |
| Executive Order 14257 | 9903.01.45 | IEEPA RT Nigeria | The duty provided in the applicable subheading + 14% | Reciprocal |
| Executive Order 14257 | 9903.01.46 | IEEPA RT Norway/Venezuela | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14257 | 9903.01.47 | IEEPA RT Mozambique | The duty provided in the applicable subheading + 16% | Reciprocal |
| Executive Order 14257 | 9903.01.48 | IEEPA RT Israel/Malawi/Philippines/Zambia | The duty provided in the applicable subheading + 17% | Reciprocal |
| Executive Order 14257 | 9903.01.49 | IEEPA RT Nicaragua/Zimbabwe | The duty provided in the applicable subheading + 18% | Reciprocal |

| Executive Order 14257 | 9903.01.50 | IEEPA RT EU/Jordan | The duty provided in the applicable subheading + 20% | Reciprocal |
|---|---|---|---|---|
| Executive Order 14257 | 9903.01.51 | IEEPA RT Côte d'Ivoire/Namiba | The duty provided in the applicable subheading + 21% | Reciprocal |
| Executive Order 14257 | 9903.01.52 | IEEPA RT Vanuatu | The duty provided in the applicable subheading + 22% | Reciprocal |
| Executive Order 14257 | 9903.01.53 | IEEPA RT Brunei/Japan/Malaysia | The duty provided in the applicable subheading + 24% | Reciprocal |
| Executive Order 14257 | 9903.01.54 | IEEPA RT South Korea | The duty provided in the applicable subheading + 25% | Reciprocal |
| Executive Order 14257 | 9903.01.55 | IEEPA RT India | The duty provided in the applicable subheading + 26% | Reciprocal |
| Executive Order 14257 | 9903.01.56 | IEEPA RT Kazakhstan | The duty provided in the applicable subheading + 27% | Reciprocal |
| Executive Order 14257 | 9903.01.57 | IEEPA RT Tunisia | The duty provided in the applicable subheading + 28% | Reciprocal |
| Executive Order 14257 | 9903.01.58 | IEEPA RT Pakistan | The duty provided in the applicable subheading + 29% | Reciprocal |
| Executive Order 14257 | 9903.01.59 | IEEPA RT Algeria/Nauru/South Africa | The duty provided in the applicable subheading + 30% | Reciprocal |
| Executive Order 14257 | 9903.01.60 | IEEPA RT Libya/Moldova/Switzerland | The duty provided in the applicable subheading + 31% | Reciprocal |
| Executive Order 14257 | 9903.01.61 | IEEPA RT Angola/Fiji/Indonesia/Taiwan | The duty provided in the applicable subheading + 32% | Reciprocal |
| Executive Order 14257 | 9903.01.62 | IEEPA RT North Macedonia | The duty provided in the applicable subheading + 33% | Reciprocal |
| Executive Order 14257 | 9903.01.63 | IEEPA RT China/HK/Macau | The duty provided in the applicable subheading + 34% | Reciprocal |
| Executive Order 14257 | 9903.01.64 | IEEPA RT Bosnia and Herzegovina | The duty provided in the applicable subheading + 35% | Reciprocal |
| Executive Order 14257 | 9903.01.65 | IEEPA RT Thailand | The duty provided in the applicable subheading + 36% | Reciprocal |
| Executive Order 14257 | 9903.01.66 | IEEPA RT Bangladesh/Botswana/Liechenstein/Se | The duty provided in the applicable subheading + 37% | Reciprocal |

| Executive Order 14257 | 9903.01.67 | IEEPA RT Guyana | The duty provided in the applicable subheading + 38% | Reciprocal |
|---|---|---|---|---|
| Executive Order 14257 | 9903.01.68 | IEEPA RT Iraq | The duty provided in the applicable subheading + 39% | Reciprocal |
| Executive Order 14257 | 9903.01.69 | IEEPA RT Mauritius | The duty provided in the applicable subheading + 40% | Reciprocal |
| Executive Order 14257 | 9903.01.70 | IEEPA RT Falkland Islands/Syria | The duty provided in the applicable subheading + 41% | Reciprocal |
| Executive Order 14257 | 9903.01.71 | IEEPA RT Myanmar/Sri Lanka | The duty provided in the applicable subheading + 44% | Reciprocal |
| Executive Order 14257 | 9903.01.72 | IEEPA RT Vietnam | The duty provided in the applicable subheading + 46% | Reciprocal |
| Executive Order 14257 | 9903.01.73 | IEEPA RT Madagascar | The duty provided in the applicable subheading + 47% | Reciprocal |
| Executive Order 14257 | 9903.01.74 | IEEPA RT Laos | The duty provided in the applicable subheading + 48% | Reciprocal |
| Executive Order 14257 | 9903.01.75 | IEEPA RT Madagascar | The duty provided in the applicable subheading + 49% | Reciprocal |
| Executive Order 14257 | 9903.01.76 | IEEPA RT Lesotho | The duty provided in the applicable subheading + 50% | Reciprocal |
| Executive Order 14323 | 9903.01.77 | IEEPA Brazil | The duty provided in the applicable subheading + 40% | Brazil |
| Executive Order 14326 | 9903.02.01 | IEEPA RT - Transshipment | The duty provided in the applicable subheading + 40% | Reciprocal |
| Executive Order 14326 | 9903.02.02 | IEEPA RT Afghanistan | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.03 | IEEPA RT Algeria | The duty provided in the applicable subheading + 30% | Reciprocal |
| Executive Order 14326 | 9903.02.04 | IEEPA RT Angola | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.05 | IEEPA RT Bangladesh | The duty provided in the applicable subheading + 20% | Reciprocal |
| Executive Order 14326 | 9903.02.06 | IEEPA RT Bolivia | The duty provided in the applicable subheading + 15% | Reciprocal |

| | | | | |
|---|---|---|---|---|
| Executive Order 14326 | 9903.02.07 | IEEPA RT Bosnia and Herzegovina | The duty provided in the applicable subheading + 30% | Reciprocal |
| Executive Order 14326 | 9903.02.08 | IEEPA RT Botswana | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.10 | IEEPA RT Brunei | The duty provided in the applicable subheading + 25% | Reciprocal |
| Executive Order 14326 | 9903.02.11 | IEEPA RT Cambodia | The duty provided in the applicable subheading + 19% | Reciprocal |
| Executive Order 14326 | 9903.02.12 | IEEPA RT Cameroon | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.13 | IEEPA RT Chad | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.14 | IEEPA RT Costa Rica | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.15 | IEEPA RT Côte d'Ivoire | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.16 | IEEPA RT Congo | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.17 | IEEPA RT Ecuador | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.18 | IEEPA RT Equatorial Guinea | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.21 | IEEPA RT Falkland Islands | The duty provided in the applicable subheading + 10% | Reciprocal |
| Executive Order 14326 | 9903.02.22 | IEEPA RT Fiji | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.23 | IEEPA RT Ghana | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.24 | IEEPA RT Guyana | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.25 | IEEPA RT Iceland | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.26 | IEEPA RT India | The duty provided in the applicable subheading + 25% | Reciprocal |

| | | | | |
|---|---|---|---|---|
| Executive Order 14326 | 9903.02.27 | IEEPA RT Indonesia | The duty provided in the applicable subheading + 19% | Reciprocal |
| Executive Order 14326 | 9903.02.28 | IEEPA RT Iraq | The duty provided in the applicable subheading + 35% | Reciprocal |
| Executive Order 14326 | 9903.02.29 | IEEPA RT Israel | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.30 | IEEPA RT Japan (retired September 16, 2025; refe | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.31 | IEEPA RT Jordan | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.32 | IEEPA RT Kazakhstan | The duty provided in the applicable subheading + 25% | Reciprocal |
| Executive Order 14326 | 9903.02.33 | IEEPA RT Laos | The duty provided in the applicable subheading + 40% | Reciprocal |
| Executive Order 14326 | 9903.02.34 | IEEPA RT Lesotho | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.35 | IEEPA RT Libya | The duty provided in the applicable subheading + 30% | Reciprocal |
| Executive Order 14326 | 9903.02.36 | IEEPA RT Liechtenstein | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.37 | IEEPA RT Madagascar | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.38 | IEEPA RT Malawi | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.39 | IEEPA RT Malaysia | The duty provided in the applicable subheading + 19% | Reciprocal |
| Executive Order 14326 | 9903.02.40 | IEEPA RT Mauritius | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.41 | IEEPA RT Moldova | The duty provided in the applicable subheading + 25% | Reciprocal |
| Executive Order 14326 | 9903.02.42 | IEEPA RT Mozambique | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.43 | IEEPA RT Myanmar | The duty provided in the applicable subheading + 40% | Reciprocal |

| Executive Order 14326 | 9903.02.44 | IEEPA RT Namibia | The duty provided in the applicable subheading + 15% | Reciprocal |
|---|---|---|---|---|
| Executive Order 14326 | 9903.02.45 | IEEPA RT Nauru | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.46 | IEEPA RT New Zealand | The duty provided in the applicable subheading + 18% | Reciprocal |
| Executive Order 14326 | 9903.02.47 | IEEPA RT Nicaragua | The duty provided in the applicable subheading + 18% | Reciprocal |
| Executive Order 14326 | 9903.02.48 | IEEPA RT Nigeria | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.49 | IEEPA RT Macedonia | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.50 | IEEPA RT Norway | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.51 | IEEPA RT Pakistan | The duty provided in the applicable subheading + 19% | Reciprocal |
| Executive Order 14326 | 9903.02.52 | IEEPA RT Papua New Guinea | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.53 | IEEPA RT Philippines | The duty provided in the applicable subheading + 19% | Reciprocal |
| Executive Order 14326 | 9903.02.54 | IEEPA RT Serbia | The duty provided in the applicable subheading + 35% | Reciprocal |
| Executive Order 14326 | 9903.02.55 | IEEPA RT South Africa | The duty provided in the applicable subheading + 30% | Reciprocal |
| Executive Order 14326 | 9903.02.56 | IEEPA RT South Korea | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.57 | IEEPA RT Sri Lanka | The duty provided in the applicable subheading + 20% | Reciprocal |
| Executive Order 14326 | 9903.02.58 | IEEPA RT Switzerland | The duty provided in the applicable subheading + 39% | Reciprocal |
| Executive Order 14326 | 9903.02.59 | IEEPA RT Syria | The duty provided in the applicable subheading + 41% | Reciprocal |
| Executive Order 14326 | 9903.02.60 | IEEPA RT Taiwan | The duty provided in the applicable subheading + 20% | Reciprocal |

| | | | | |
|---|---|---|---|---|
| Executive Order 14326 | 9903.02.61 | IEEPA RT Thailand | The duty provided in the applicable subheading + 19% | Reciprocal |
| Executive Order 14326 | 9903.02.62 | IEEPA RT Trinidad | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.63 | IEEPA RT Tunisia | The duty provided in the applicable subheading + 25% | Reciprocal |
| Executive Order 14326 | 9903.02.64 | IEEPA RT Turkey | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.65 | IEEPA RT Uganda | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.66 | IEEPA RT UK | The duty provided in the applicable subheading + 10% | Reciprocal |
| Executive Order 14326 | 9903.02.67 | IEEPA RT Vanuatu | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.68 | IEEPA RT Venezueala | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.69 | IEEPA RT Vietnam | The duty provided in the applicable subheading + 20% | Reciprocal |
| Executive Order 14326 | 9903.02.70 | IEEPA RT Zambia | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.71 | IEEPA RT Zimbabwe | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14345 | 9903.02.19 | IEEPA RT EU "floor rate" | The duty  provided in the applicable subheading<br><br>(AKA If MFN > or = 15%, then only MFN applies) | Reciprocal |
| Executive Order 14345 | 9903.02.20 | IEEPA RT EU "cap rate" | 15%  (AKA  If MFN <15%, then cap at 15% (comprised of MFN + Reciprocal). | Reciprocal |

| | | | | |
|---|---|---|---|---|
| Executive Order 14345 | 9903.02.72 | IEEPA RT Japan "floor rate" | The duty provided in the applicable subheading<br><br>(AKA If MFN > or = 15%, then only MFN applies) | Reciprocal |
| Executive Order 14345 | 9903.02.73 | IEEPA RT Japan "cap rate" | 15%  (AKA If MFN <15%, then cap at 15% (comprised of MFN + Reciprocal). | Reciprocal |
| Executive Order 14346 | 9903.02.79 | IEEPA RT South Korea "floor rate" | The duty provided in the applicable subheading<br><br>(AKA If MFN > or = 15%, then only MFN applies) | Reciprocal |
| Executive Order 14346 | 9903.02.80 | IEEPA RT South Korea "cap rate" | 15%  (AKA  If MFN <15%, then cap at 15% (comprised of MFN + Reciprocal). | Reciprocal |

**EXHIBIT B**

**LIST OF PLAINTIFFS**

## LIST OF CONSOLIDATED CASES

25-00291    CLYDE DUNEIER INC v. United States, et al.

25-00307    Keto-Check Inc v. United States, et al.

25-00322    Strato Technology Solutions, LLC v. United States, et al.

25-00335    Fantasia Accessories LTD v. United States, et al.

25-00336    Jovani Fashion Ltd. v. United States, et al.

25-00337    Ecologic Industries, LLC v. United States, et al.

25-00339    Lifetime Brands, Inc. v. United States, et al.

25-00341    Schumacher GmbH v. United States, et al.

25-00342    Mark Foods Inc. and Mark Foods LLC v. United States, et al.

25-00353    Core H&F Logistics LLC v. United States, et al.

25-00355    Puma United North America LLC v. United States, et al.

25-00356    Jonathan Y Designs Inc v. United States, et al.

25-00357    High Point Design LLC v. United States, et al.

25-00358    United Paper & Craft LLC v. United States, et al.

25-00359    Spray Moret LLC v. United States, et al.

25-00360    Spencer Gifts LLC v. United States, et al.

25-00361    STAR SNACKS CO LLC v. United States, et al.

25-00362    Sunnyside Digital Inc. v. United States, et al.

25-00364    Jacques Moret, Inc. v. United States, et al.

25-00365    DAVID PEYSER SPORTSWEAR INC v. United States, et al.

25-00366    The Levy Group Inc. v. United States, et al.

25-00367    HIS International LLC v. United States, et al.

25-00368     United Legwear Company LLC v. United States, et al.

25-00369     International Intimates Inc. v. United States, et al.

25-00370     ROE VISUAL US INC v. United States, et al.

25-00371     MARKWINS BEAUTY BRANDS, INC. v. United States, et al.

25-00372     Bristol Seafood LLC v. United States, et al.

25-00373     Xtreme Personal Care, Inc. v. United States, et al.

25-00374     LINA GALE, INC. v. United States, et al.

25-00375     Fisher Footwear LLC v. United States, et al.

25-00377     Devent LLC v. United States, et al.

25-00378     Jem Accessories, Inc. v. United States, et al.

25-00380     H.E.R. ACCESSORIES LTD v. United States, et al.

25-00382     AD Sutton & Sons, Inc. v. United States, et al.

25-00383     G-III Apparel Group Ltd v. United States, et al.

25-00384     Toby Enterprises II Corp v. United States, et al.

25-00385     The Wheelership LLC v. United States, et al.

25-00388     Watts Regulator Company v. United States, et al.

25-00389     AERCO International, Inc. v. United States, et al.

25-00390     Acadian Crossing Consumer Products LLC v. United States, et al.

25-00391     Dormont Manufacturing Company v. United States, et al.

25-00392     Watts Heating and Hot Water Solutions LLC (Dba PVI Industries) v. United

States, et al.

25-00395     YARAGHI LLC v. United States, et al.

25-00397     Bradley Company LLC v. United States, et al.

| | |
|---|---|
| 25-00398 | The Jewelry Group Inc. v. United States, et al. |
| 25-00401 | Intelligent Water Solutions by Watts Inc. v. United States, et al. |
| 25-00402 | One Jeanswear Group LLC v. United States, et al. |
| 25-00404 | Galaxy Active LLC v. United States, et al. |
| 25-00406 | Josam Industries LLC v. United States, et al. |
| 25-00408 | Accutime Watch Corp v. United States, et al. |
| 25-00409 | Merlin Solar Technologies, Inc. v. United States, et al. |
| 25-00411 | I-CON Systems LLC v. United States, et al. |
| 25-00414 | Tekmar Control Systems Inc v. United States, et al. |
| 25-00415 | Kasper Group LLC v. United States, et al. |

## UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE THREE-JUDGE PANEL: GARY S. KATZMANN, JUDGE, TIMOTHY M. REIF, JUDGE, JANE A. RESTANI, JUDGE

| | |
|---|---|
| ——————————————————x | |
| STRATO TECHNOLOGY SOLUTIONS, LLC, *et al.*, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | Consol. Court No. 25-00322 3JP<br> : <br> : |
| UNITED STATES, U.S. CUSTOMS AND BORDER PROTECTION, and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection, | : <br> : <br> : <br> : <br> : |
| Defendants. | : |
| ——————————————————x | |

## ORDER

Upon consideration of Plaintiffs' Motion for a Preliminary Injunction it is hereby:

**ORDERED** that Plaintiffs' motion is **GRANTED**; and it is further

**ORDERED** that Defendants, including the U.S. Customs and Border Protection ("CBP"), and its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, are **ENJOINED** from liquidating any entries on which IEEPA Duties were paid by Plaintiffs under the HTSUS numbers attached to this motion, pending final judgment in this action; and it is further,

**ORDERED** that this preliminary injunction shall remain in effect until dissolved or modified by order of this Court; and it is further

**ORDERED** that the parties shall promptly advise the Court of any decision of the Supreme Court or other controlling authority affecting the legality of the duties at issue.

**SO ORDERED.**

Dated: _____, 2025          _____
       New York, New York                 Judge, U.S. Court of International Trade

**EXHIBIT A**

**HTS CODES**

| EO Authority | Subheading | Short Description | Current General Rate | IEEPA Category |
|---|---|---|---|---|
| Executive Order 14193 | 9903.01.10 | IEEPA Fentanyl Canada | The duty provided in the applicable subheading + 35% | Fentanyl |
| Executive Order 14193 | 9903.01.13 | IEEPA Fentanyl Canada - Energy | The duty provided in the applicable subheading + 10% | Fentanyl |
| Executive Order 14193 | 9903.01.15 | IEEPA Fentanyl Canada - Potash | The duty provided in the applicable subheading + 10% | Fentanyl |
| Executive Order 14193 | 9903.01.16 | IEEPA Fentanyl Canada - Transshipment | The duty provided in the applicable subheading + 40% | Fentanyl |
| Executive Order 14194 | 9903.01.01 | IEEPA Fentanyl Mexico | The duty provided in the applicable subheading + 25% | Fentanyl |
| Executive Order 14194 | 9903.01.05 | IEEPA Fentanyl Mexico - Potash | The duty provided in the applicable subheading +10% | Fentanyl |
| Executive Order 14195 | 9903.01.20 | IEEPA Fentanyl China/HK | The duty provided in the applicable subheading + 10% | Fentanyl |
| Executive Order 14195 | 9903.01.24 | IEEPA Fentanyl China/HK | The duty provided in the applicable subheading + 10% | Fentanyl |
| Executive Order 14257 | 9903.01.25 | IEEPA RT Baseline | The duty provided in the applicable subheading + 10% | Reciprocal |
| Executive Order 14257 | 9903.01.43 | IEEPA RT Cameroon/Congo | The duty provided in the applicable subheading + 11% | Reciprocal |
| Executive Order 14257 | 9903.01.44 | IEEPA RT Chad/Equatorial Guinea | The duty provided in the applicable subheading + 13% | Reciprocal |
| Executive Order 14257 | 9903.01.45 | IEEPA RT Nigeria | The duty provided in the applicable subheading + 14% | Reciprocal |
| Executive Order 14257 | 9903.01.46 | IEEPA RT Norway/Venezuela | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14257 | 9903.01.47 | IEEPA RT Mozambique | The duty provided in the applicable subheading + 16% | Reciprocal |
| Executive Order 14257 | 9903.01.48 | IEEPA RT Israel/Malawi/Philippines/Zambia | The duty provided in the applicable subheading + 17% | Reciprocal |
| Executive Order 14257 | 9903.01.49 | IEEPA RT Nicaragua/Zimbabwe | The duty provided in the applicable subheading + 18% | Reciprocal |

| Executive Order 14257 | 9903.01.50 | IEEPA RT EU/Jordan | The duty provided in the applicable subheading + 20% | Reciprocal |
|---|---|---|---|---|
| Executive Order 14257 | 9903.01.51 | IEEPA RT Côte d'Ivoire/Namiba | The duty provided in the applicable subheading + 21% | Reciprocal |
| Executive Order 14257 | 9903.01.52 | IEEPA RT Vanuatu | The duty provided in the applicable subheading + 22% | Reciprocal |
| Executive Order 14257 | 9903.01.53 | IEEPA RT Brunei/Japan/Malaysia | The duty provided in the applicable subheading + 24% | Reciprocal |
| Executive Order 14257 | 9903.01.54 | IEEPA RT South Korea | The duty provided in the applicable subheading + 25% | Reciprocal |
| Executive Order 14257 | 9903.01.55 | IEEPA RT India | The duty provided in the applicable subheading + 26% | Reciprocal |
| Executive Order 14257 | 9903.01.56 | IEEPA RT Kazakhstan | The duty provided in the applicable subheading + 27% | Reciprocal |
| Executive Order 14257 | 9903.01.57 | IEEPA RT Tunisia | The duty provided in the applicable subheading + 28% | Reciprocal |
| Executive Order 14257 | 9903.01.58 | IEEPA RT Pakistan | The duty provided in the applicable subheading + 29% | Reciprocal |
| Executive Order 14257 | 9903.01.59 | IEEPA RT Algeria/Nauru/South Africa | The duty provided in the applicable subheading + 30% | Reciprocal |
| Executive Order 14257 | 9903.01.60 | IEEPA RT Libya/Moldova/Switzerland | The duty provided in the applicable subheading + 31% | Reciprocal |
| Executive Order 14257 | 9903.01.61 | IEEPA RT Angola/Fiji/Indonesia/Taiwan | The duty provided in the applicable subheading + 32% | Reciprocal |
| Executive Order 14257 | 9903.01.62 | IEEPA RT North Macedonia | The duty provided in the applicable subheading + 33% | Reciprocal |
| Executive Order 14257 | 9903.01.63 | IEEPA RT China/HK/Macau | The duty provided in the applicable subheading + 34% | Reciprocal |
| Executive Order 14257 | 9903.01.64 | IEEPA RT Bosnia and Herzegovina | The duty provided in the applicable subheading + 35% | Reciprocal |
| Executive Order 14257 | 9903.01.65 | IEEPA RT Thailand | The duty provided in the applicable subheading + 36% | Reciprocal |
| Executive Order 14257 | 9903.01.66 | IEEPA RT Bangladesh/Botswana/Liechenstein/Se | The duty provided in the applicable subheading + 37% | Reciprocal |

| Executive Order 14257 | 9903.01.67 | IEEPA RT Guyana | The duty provided in the applicable subheading + 38% | Reciprocal |
|---|---|---|---|---|
| Executive Order 14257 | 9903.01.68 | IEEPA RT Iraq | The duty provided in the applicable subheading + 39% | Reciprocal |
| Executive Order 14257 | 9903.01.69 | IEEPA RT Mauritius | The duty provided in the applicable subheading + 40% | Reciprocal |
| Executive Order 14257 | 9903.01.70 | IEEPA RT Falkland Islands/Syria | The duty provided in the applicable subheading + 41% | Reciprocal |
| Executive Order 14257 | 9903.01.71 | IEEPA RT Myanmar/Sri Lanka | The duty provided in the applicable subheading + 44% | Reciprocal |
| Executive Order 14257 | 9903.01.72 | IEEPA RT Vietnam | The duty provided in the applicable subheading + 46% | Reciprocal |
| Executive Order 14257 | 9903.01.73 | IEEPA RT Madagascar | The duty provided in the applicable subheading + 47% | Reciprocal |
| Executive Order 14257 | 9903.01.74 | IEEPA RT Laos | The duty provided in the applicable subheading + 48% | Reciprocal |
| Executive Order 14257 | 9903.01.75 | IEEPA RT Madagascar | The duty provided in the applicable subheading + 49% | Reciprocal |
| Executive Order 14257 | 9903.01.76 | IEEPA RT Lesotho | The duty provided in the applicable subheading + 50% | Reciprocal |
| Executive Order 14323 | 9903.01.77 | IEEPA Brazil | The duty provided in the applicable subheading + 40% | Brazil |
| Executive Order 14326 | 9903.02.01 | IEEPA RT - Transshipment | The duty provided in the applicable subheading + 40% | Reciprocal |
| Executive Order 14326 | 9903.02.02 | IEEPA RT Afghanistan | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.03 | IEEPA RT Algeria | The duty provided in the applicable subheading + 30% | Reciprocal |
| Executive Order 14326 | 9903.02.04 | IEEPA RT Angola | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.05 | IEEPA RT Bangladesh | The duty provided in the applicable subheading + 20% | Reciprocal |
| Executive Order 14326 | 9903.02.06 | IEEPA RT Bolivia | The duty provided in the applicable subheading + 15% | Reciprocal |

| | | | | |
|---|---|---|---|---|
| Executive Order 14326 | 9903.02.07 | IEEPA RT Bosnia and Herzegovina | The duty provided in the applicable subheading + 30% | Reciprocal |
| Executive Order 14326 | 9903.02.08 | IEEPA RT Botswana | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.10 | IEEPA RT Brunei | The duty provided in the applicable subheading + 25% | Reciprocal |
| Executive Order 14326 | 9903.02.11 | IEEPA RT Cambodia | The duty provided in the applicable subheading + 19% | Reciprocal |
| Executive Order 14326 | 9903.02.12 | IEEPA RT Cameroon | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.13 | IEEPA RT Chad | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.14 | IEEPA RT Costa Rica | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.15 | IEEPA RT Côte d'Ivoire | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.16 | IEEPA RT Congo | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.17 | IEEPA RT Ecuador | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.18 | IEEPA RT Equatorial Guinea | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.21 | IEEPA RT Falkland Islands | The duty provided in the applicable subheading + 10% | Reciprocal |
| Executive Order 14326 | 9903.02.22 | IEEPA RT Fiji | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.23 | IEEPA RT Ghana | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.24 | IEEPA RT Guyana | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.25 | IEEPA RT Iceland | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.26 | IEEPA RT India | The duty provided in the applicable subheading + 25% | Reciprocal |

| | | | | |
|---|---|---|---|---|
| Executive Order 14326 | 9903.02.27 | IEEPA RT Indonesia | The duty provided in the applicable subheading + 19% | Reciprocal |
| Executive Order 14326 | 9903.02.28 | IEEPA RT Iraq | The duty provided in the applicable subheading + 35% | Reciprocal |
| Executive Order 14326 | 9903.02.29 | IEEPA RT Israel | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.30 | IEEPA RT Japan (retired September 16, 2025; refe | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.31 | IEEPA RT Jordan | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.32 | IEEPA RT Kazakhstan | The duty provided in the applicable subheading + 25% | Reciprocal |
| Executive Order 14326 | 9903.02.33 | IEEPA RT Laos | The duty provided in the applicable subheading + 40% | Reciprocal |
| Executive Order 14326 | 9903.02.34 | IEEPA RT Lesotho | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.35 | IEEPA RT Libya | The duty provided in the applicable subheading + 30% | Reciprocal |
| Executive Order 14326 | 9903.02.36 | IEEPA RT Liechtenstein | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.37 | IEEPA RT Madagascar | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.38 | IEEPA RT Malawi | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.39 | IEEPA RT Malaysia | The duty provided in the applicable subheading + 19% | Reciprocal |
| Executive Order 14326 | 9903.02.40 | IEEPA RT Mauritius | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.41 | IEEPA RT Moldova | The duty provided in the applicable subheading + 25% | Reciprocal |
| Executive Order 14326 | 9903.02.42 | IEEPA RT Mozambique | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.43 | IEEPA RT Myanmar | The duty provided in the applicable subheading + 40% | Reciprocal |

| Executive Order 14326 | 9903.02.44 | IEEPA RT Namibia | The duty provided in the applicable subheading + 15% | Reciprocal |
|---|---|---|---|---|
| Executive Order 14326 | 9903.02.45 | IEEPA RT Nauru | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.46 | IEEPA RT New Zealand | The duty provided in the applicable subheading + 18% | Reciprocal |
| Executive Order 14326 | 9903.02.47 | IEEPA RT Nicaragua | The duty provided in the applicable subheading + 18% | Reciprocal |
| Executive Order 14326 | 9903.02.48 | IEEPA RT Nigeria | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.49 | IEEPA RT Macedonia | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.50 | IEEPA RT Norway | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.51 | IEEPA RT Pakistan | The duty provided in the applicable subheading + 19% | Reciprocal |
| Executive Order 14326 | 9903.02.52 | IEEPA RT Papua New Guinea | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.53 | IEEPA RT Philippines | The duty provided in the applicable subheading + 19% | Reciprocal |
| Executive Order 14326 | 9903.02.54 | IEEPA RT Serbia | The duty provided in the applicable subheading + 35% | Reciprocal |
| Executive Order 14326 | 9903.02.55 | IEEPA RT South Africa | The duty provided in the applicable subheading + 30% | Reciprocal |
| Executive Order 14326 | 9903.02.56 | IEEPA RT South Korea | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.57 | IEEPA RT Sri Lanka | The duty provided in the applicable subheading + 20% | Reciprocal |
| Executive Order 14326 | 9903.02.58 | IEEPA RT Switzerland | The duty provided in the applicable subheading + 39% | Reciprocal |
| Executive Order 14326 | 9903.02.59 | IEEPA RT Syria | The duty provided in the applicable subheading + 41% | Reciprocal |
| Executive Order 14326 | 9903.02.60 | IEEPA RT Taiwan | The duty provided in the applicable subheading + 20% | Reciprocal |

| Executive Order 14326 | 9903.02.61 | IEEPA RT Thailand | The duty provided in the applicable subheading + 19% | Reciprocal |
|---|---|---|---|---|
| Executive Order 14326 | 9903.02.62 | IEEPA RT Trinidad | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.63 | IEEPA RT Tunisia | The duty provided in the applicable subheading + 25% | Reciprocal |
| Executive Order 14326 | 9903.02.64 | IEEPA RT Turkey | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.65 | IEEPA RT Uganda | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.66 | IEEPA RT UK | The duty provided in the applicable subheading + 10% | Reciprocal |
| Executive Order 14326 | 9903.02.67 | IEEPA RT Vanuatu | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.68 | IEEPA RT Venezueala | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.69 | IEEPA RT Vietnam | The duty provided in the applicable subheading + 20% | Reciprocal |
| Executive Order 14326 | 9903.02.70 | IEEPA RT Zambia | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.71 | IEEPA RT Zimbabwe | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14345 | 9903.02.19 | IEEPA RT EU "floor rate" | The duty  provided in the applicable subheading<br><br>(AKA If MFN > or = 15%, then only MFN applies) | Reciprocal |
| Executive Order 14345 | 9903.02.20 | IEEPA RT EU "cap rate" | 15%  (AKA  If MFN <15%, then cap at 15% (comprised of MFN + Reciprocal). | Reciprocal |

| | | | | |
|---|---|---|---|---|
| Executive Order 14345 | 9903.02.72 | IEEPA RT Japan "floor rate" | The duty provided in the applicable subheading<br><br>(AKA If MFN > or = 15%, then only MFN applies) | Reciprocal |
| Executive Order 14345 | 9903.02.73 | IEEPA RT Japan "cap rate" | 15%  (AKA If MFN <15%, then cap at 15% (comprised of MFN + Reciprocal). | Reciprocal |
| Executive Order 14346 | 9903.02.79 | IEEPA RT South Korea "floor rate" | The duty provided in the applicable subheading<br><br>(AKA If MFN > or = 15%, then only MFN applies) | Reciprocal |
| Executive Order 14346 | 9903.02.80 | IEEPA RT South Korea "cap rate" | 15%  (AKA If MFN <15%, then cap at 15% (comprised of MFN + Reciprocal). | Reciprocal |

**EXHIBIT B**

**LIST OF PLAINTIFFS**

## LIST OF CONSOLIDATED CASES

25-00291     CLYDE DUNEIER INC v. United States, et al.

25-00307     Keto-Check Inc v. United States, et al.

25-00322     Strato Technology Solutions, LLC v. United States, et al.

25-00335     Fantasia Accessories LTD v. United States, et al.

25-00336     Jovani Fashion Ltd. v. United States, et al.

25-00337     Ecologic Industries, LLC v. United States, et al.

25-00339     Lifetime Brands, Inc. v. United States, et al.

25-00341     Schumacher GmbH v. United States, et al.

25-00342     Mark Foods Inc. and Mark Foods LLC v. United States, et al.

25-00353     Core H&F Logistics LLC v. United States, et al.

25-00355     Puma United North America LLC v. United States, et al.

25-00356     Jonathan Y Designs Inc v. United States, et al.

25-00357     High Point Design LLC v. United States, et al.

25-00358      United Paper & Craft LLC v. United States, et al.

25-00359     Spray Moret LLC v. United States, et al.

25-00360     Spencer Gifts LLC v. United States, et al.

25-00361     STAR SNACKS CO LLC v. United States, et al.

25-00362     Sunnyside Digital Inc. v. United States, et al.

25-00364     Jacques Moret, Inc. v. United States, et al.

25-00365     DAVID PEYSER SPORTSWEAR INC v. United States, et al.

25-00366     The Levy Group Inc. v. United States, et al.

25-00367     HIS International LLC v. United States, et al.

25-00368    United Legwear Company LLC v. United States, et al.

25-00369    International Intimates Inc. v. United States, et al.

25-00370    ROE VISUAL US INC v. United States, et al.

25-00371    MARKWINS BEAUTY BRANDS, INC. v. United States, et al.

25-00372    Bristol Seafood LLC v. United States, et al.

25-00373    Xtreme Personal Care, Inc. v. United States, et al.

25-00374    LINA GALE, INC. v. United States, et al.

25-00375    Fisher Footwear LLC v. United States, et al.

25-00377    Devent LLC v. United States, et al.

25-00378    Jem Accessories, Inc. v. United States, et al.

25-00380    H.E.R. ACCESSORIES LTD v. United States, et al.

25-00382    AD Sutton & Sons, Inc. v. United States, et al.

25-00383    G-III Apparel Group Ltd v. United States, et al.

25-00384    Toby Enterprises II Corp v. United States, et al.

25-00385    The Wheelership LLC v. United States, et al.

25-00388    Watts Regulator Company v. United States, et al.

25-00389    AERCO International, Inc. v. United States, et al.

25-00390    Acadian Crossing Consumer Products LLC v. United States, et al.

25-00391    Dormont Manufacturing Company v. United States, et al.

25-00392    Watts Heating and Hot Water Solutions LLC (Dba PVI Industries) v. United
States, et al.

25-00395    YARAGHI LLC v. United States, et al.

25-00397    Bradley Company LLC v. United States, et al.

25-00398     The Jewelry Group Inc. v. United States, et al.

25-00401     Intelligent Water Solutions by Watts Inc. v. United States, et al.

25-00402     One Jeanswear Group LLC v. United States, et al.

25-00404     Galaxy Active LLC v. United States, et al.

25-00406     Josam Industries LLC v. United States, et al.

25-00408     Accutime Watch Corp v. United States, et al.

25-00409     Merlin Solar Technologies, Inc. v. United States, et al.

25-00411     I-CON Systems LLC v. United States, et al.

25-00414     Tekmar Control Systems Inc v. United States, et al.

25-00415     Kasper Group LLC v. United States, et al.

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THREE-JUDGE PANEL: GARY S. KATZMANN, JUDGE,
TIMOTHY M. REIF, JUDGE, JANE A. RESTANI, JUDGE

| | |
|---|---|
| ———————————————————x | |
|                        : | |
| STRATO TECHNOLOGY SOLUTIONS, LLC,   : | |
|             *et al*.,      : | |
|                        : | |
|          Plaintiffs,   : | |
|                        : | Consol. Court No. 25-00322 3JP |
|     v.           : | |
|                        : | |
| UNITED STATES, U.S. CUSTOMS AND   : | |
| BORDER PROTECTION, and RODNEY S.   : | |
| SCOTT, in his official capacity as Commissioner   : | |
| of U.S. Customs and Border Protection,   : | |
|                        : | |
|          Defendants.   : | |
| ———————————————————x | |

## PLATINIFFFS' *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

Strato Technology Solutions, LLC ("Strato") and the Plaintiffs in the civil actions that

have been consolidated with Strato (collectively, "Plaintiffs"), by its undersigned attorneys,

having filed a Complaint in this matter seeking declaratory and injunctive relieve, hereby makes

application to this Court on an *ex parte* basis, with notice to Defendants as prescribed by Rule

65(b) of the United States Court of International Trade (USCIT R.), for a Temporary Restraining

Order prohibiting Defendants from liquidating, or ordering the liquidation of, Plaintiffs' entries,

which were unliquidated as of December 15, 2025, on which duty was paid pursuant to pursuant

to the International Emergency Economic Powers Act ("IEEPA" and "IEEPA Duties") IEEPA

Duties were imposed pursuant to multiple Executive Orders ("IEEPA Tariff Orders") whose

legality is the subject of *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025), *cert.*

*granted*, No. 25-250, 2025 WL 2601020 (U.S. Sept. 9, 2025); *see also Learning Res., Inc. v.*

*Trump*, 784 F. Supp. 3d 209 (D.D.C. 2025), *cert. granted before judgment*, No. 24-1287, 2025

WL 2601021 (U.S. Sept. 9, 2025) (collectively "*V.O.S. Selections*").

As shown in the Memorandum of Points and Authorities submitted with this application,

the requested *ex parte* relief is necessary in order to prevent the threatened immediate,

irreparable, and non-speculative financial harm to Plaintiffs based upon U.S. Customs and

Border Protections normal 314-day liquidation cycle pursuant to 19 U.S.C. § 1504(a)(1) and

*Final Rule*, 81 Fed. Reg. 89,375, 89,376 (December 12, 2016).  The Memorandum of Points and

Authorities and supporting Declaration of Ned H. Marshak demonstrate facts that: (1) clearly

show that immediate irreparable injury, loss, or damage will result to Plaintiffs before

Defendants can be heard in opposition, in accordance with USCIT R. 65(b)(1)(A); and (2) detail

any efforts made to give notice and the reasons why it should not be required, in accordance with

USCIT R 65(b)(1)(B).

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiffs' *Ex Parte*

Motion for a Temporary Restraining Order, and thereafter direct defendant to show why a

Preliminary Injunctions pendente lite should not issue.

Respectfully submitted,

*/s/ Erik D. Smithweiss*
Erik D. Smithweiss
Joseph M. Spraragen*
Andrew T. Schutz**
Ned H. Marshak
Jordan C. Kahn**

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP

707 Wilshire Boulevard, Suite 4150
Los Angeles, CA 90017-3720
(213) 452-0863
esmithweiss@gdlsk.com

\*599 Lexington Ave., 36th Floor
New York, NY 10022
(212) 557-4000

\*\*1201 New York Ave., NW, Ste. 650
Washington, DC 20005
(202) 783-6881

*Counsel for Plaintiffs*

Dated: December 12, 2025

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE THREE-JUDGE PANEL: GARY S. KATZMANN, JUDGE,
TIMOTHY M. REIF, JUDGE, JANE A. RESTANI, JUDGE**

| | |
|---|---|
| ——————————————————— x | |
| : | |
| STRATO TECHNOLOGY SOLUTIONS, LLC, : | |
| *et al*., : | |
| : | |
| Plaintiffs, : | |
| : | Consol. Court No. 25-00322 3JP |
| v. : | |
| : | |
| UNITED STATES, U.S. CUSTOMS AND : | |
| BORDER PROTECTION, and RODNEY S. : | |
| SCOTT, in his official capacity as Commissioner : | |
| of U.S. Customs and Border Protection, : | |
| : | |
| Defendants. : | |
| ——————————————————— x | |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AGAINST
LIQUIDATION OF CERTAIN ENTRIES AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

Pursuant to Rule 65(a) and (b), Rules of the Court of International Trade, Plaintiff, Strato

Technology Solutions, LLC ("Strato") and the Plaintiffs in the Civil Actions that have been

consolidated with Strato (collectively, "Plaintiffs")[1], respectfully move this Court for a

Temporary Restraining Order and Preliminary Injunction suspending liquidation of certain

entries for which Plaintiffs, as importers of record ("IOR"), paid duty that was imposed pursuant

to the International Emergency Economic Powers Act ("IEEPA" and "IEEPA Duties") upon

entry of merchandise into the commerce of the United States. IEEPA Duties were imposed

pursuant to multiple Executive Orders ("IEEPA Tariff Orders") whose legality is the subject of

---

[1] A list of the Plaintiffs consolidated in this case are provided in **Exhibit B**. The EIN numbers of each Plaintiff can be provided to the Defendants, if needed, to effectuate the Temporary Restraining Order and Preliminary Injunction.

*V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025), *cert. granted*, No. 25-250, 2025 WL 2601020 (U.S. Sept. 9, 2025); *see also Learning Res., Inc. v. Trump*, 784 F. Supp. 3d 209 (D.D.C. 2025), *cert. granted before judgment*, No. 24-1287, 2025 WL 2601021 (U.S. Sept. 9, 2025) (collectively "*V.O.S. Selections*").  A list of the Harmonized Tariff Schedule of the United States ("HTSUS") subheadings on which IEEPA Duties have been imposed on importers, and which are subject to this civil action and Application for a Temporary Restraining Order and Motion for a Preliminary Injunction, is attached as an **Exhibit A** to this Application. Plaintiffs' entries are scheduled to liquidate in the imminent future. Preliminary injunctive relief is essential to prevent liquidation. Unless liquidation is suspended, Plaintiffs may not be entitled to recover IEEPA Duties paid on these entries.

IEEPA Duties paid on the subject entries were held to be unlawful by the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") in *V.O.S. Selections.* After granting the Government's Petition for Certiorari, the Supreme Court heard oral argument in these cases on November 5, 2025, and a decision is expected in the near future.  If the Supreme Court affirms the Federal Circuit, Plaintiffs should be entitled to a duty refund on all entries on which they paid IEEPA Duties.

Plaintiffs are prepared to support the assertions made in this motion at an evidentiary hearing or through supplemental submissions and will make itself available to be heard through counsel, as the Court deems appropriate.

## LEGAL STANDARD

A temporary restraining order and a preliminary injunction are available where warranted under the traditional four-part test, in which "a party must demonstrate (1) likelihood of success on the merits, (2) irreparable harm absent immediate relief, (3) the balance of interests weighing in favor of relief, and (4) that the injunction serves the public interest." *Silfab Solar, Inc. v.*

*United States*, 892 F.3d 1340, 1345 (Fed. Cir. 2018) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). This Court has authority to grant such relief under 28 U.S.C. §§ 1585 and 2643(c)(1). It previously granted preliminary injunctive relief in the form of suspending liquidation under a similar factual scenario. *In re Section 301 Cases*, 524 F. Supp. 3d 1355, 1372 (CIT 2021) ("*Section 301 Cases*").

## ARGUMENT

### I.    THIS COURT SHOULD ENTER A TEMPORARTY RESTRAINING ORDER AND PRELIMINARY INJUNCTION SUSPENDING LIQUIDATION OF PLAINTIFFS' ENTRIES SUBJECT TO IEEPA DUTIES

Plaintiffs seek this limited relief to safeguard their interests with respect to entries scheduled to liquidate in the imminent future in the event that the Supreme Court affirms the Federal Circuit's holding that the IEEPA Tariff Orders are unlawful. As discussed below, if the entries on which IEEPA Duties paid by Plaintiffs liquidate, Plaintiffs face irreparable harm as a matter of law if the courts ultimately conclude that refunds cannot be paid on liquidated entries. This Court should not allow that to happen.

#### A.    Plaintiffs Are Likely to Succeed on the Merits

As discussed above, the relief sought in this case relates to entries upon which Plaintiffs paid IEEPA Duties which the Federal Circuit found to be unlawful in *V.O.S. Selections*. Accordingly, unless and until the Supreme Court decides otherwise, Plaintiffs are likely to succeed on the merits of their claim.

#### B.    Liquidation of Plaintiffs Entries Pose a Substantial Risk of Irreparable Harm

##### 1.    Judicial precedent supports Plaintiffs' claim of irreparable harm

The facts and circumstances in this case are substantially similar to those that led this Court to grant preliminary injunctive relief in *Section 301 Cases*. In that case, this Court was

asked to determine whether certain Section 301 duties imposed by the United States Trade Representative ("USTR") were unlawful and whether the possibility the plaintiffs' entries would liquidate before a final decision in that case was issued constituted a sufficient possibility of irreparable harm to justify enjoining liquidation. The Court held that an injunction was warranted because plaintiffs had established that "they will likely suffer irreparable harm because their entries of subject merchandise will liquidate absent an injunction." *Section 301 Cases*, 524 F. Supp. 3d at 1362. In rendering this decision, the *Section 301 Cases* Court carefully reviewed relevant judicial precedent:

> Thus, despite the broad statutory language granting the Court authority to order whatever relief is appropriate, the Court of Appeals has consistently refrained from relying on that language in finding the CIT has authority to order reliquidation or refunds in 1581(i) cases and has raised doubts about the CIT''s authority to do so. It may be that on appeal the Court of Appeals will make clear that 28 U.S.C. §§ 1585 and 2643 empower the CIT to "enter a money judgment ... against the United States in any civil action commenced under section 1581" for the return of unlawfully collected duties, 28 U.S.C. § 2643(a)(1), or "may ... order any other form of relief" including reliquidation, *id.* § 2643(c)(1), but, until it does, we must conclude that liquidation will result in irreparable economic harm.

*Id*. at 1365-66.

> In  *Target Corp. v. United States*, this Court reached the same conclusion:

> Jurisdictional facts are unclear, but it appears 28 U.S.C. § 1581(i) jurisdiction is likely, as the *Final Results* do not seem to lead to the assessment rate proposed by the United States for the entries at issue.

> DISCUSSION.

> First, there is a strong possibility that liquidation will foreclose plaintiff's remedies. If the error would have been correctable under 28 U.S.C. § 1581(i) but liquidation is not enjoined, it is not clear that the liquidation may be overturned. *See Am. Signature, Inc. v. United States,* 598 F.3d 816, 829 (Fed.Cir.2010) ("*ASI*") (*citing Ugine & Alz Belgium v. United States,* 452 F.3d 1289, 1297 (Fed.Cir.2006)). Further, the jurisdictional facts which might establish 28 U.S.C. § 1581(a) jurisdiction, under which reliquidation may be ordered, have not been established. In such an uncertain situation, preservation of remedies is to be favored. *See ASI,* 598 F.3d at 828 30. Thus, plaintiff has satisfied the requirement

to show irreparable harm.").

34 CIT 1570, 1573 (2010).

As outlined in the Declaration of Ned H. Marshak, attached as **Exhibit C**, CBP typically liquidates customs entries within 314 days of entry to avoid liquidations by operations of law, since unless liquidation is extended or suspended, entries are deemed liquidated, as entered, within one year of entry, pursuant to 19 U.S.C. § 1504(a)(1). *Final Rule*, 81 Fed. Reg. 89,375, 89,376 (Dec. 12, 2016). Liquidation of Plaintiffs entries, based on the 314 typical liquidation cycle, and date on which IEEPA Duties were paid, could be as early as December 15, 2025.

In sum, since liquidation of Plaintiffs' entries is scheduled to begin as early as December 15, 2025, this Court should follow the decisions in *Section 301 Cases* and *Target* and find that the irreparable harm factor has been satisfied because liquidation potentially may bar Plaintiffs from obtaining refunds on liquidated entries.

## 2.    Defendants' proposed stipulation in *AGS Company*, Consol. Court No. 25-255 3JP does not remove the possibility of irreparable harm

In *AGS Company Automotive Solutions, et al. v U.S. Customs and Border Protection*, Consol. Court No. 25-255 3JP ("*AGS Company*"), which involves the identical issue that is the subject of this litigation, Defendants have opposed AGS Company's Motion for a Preliminary Injunction, since – according to Defendants – "they will not oppose or object to the Court's authority to order reliquidation of plaintiffs' subject entries of merchandise, or to a final decision ordering reliquidation of plaintiffs' subject entries, should the Supreme Court hold the IEEPA duties at issue unlawful." *AGS Company*, Consol. Court No. 25-255 3JP, ECF 25 (Dec. 11, 2025), at 1-2. Defendants then state that they "have made very clear—both in this case and in related cases—that they will not object to the Court ordering reliquidation of plaintiffs' entries subject to the challenged IEEPA duties if such duties are found to be unlawful." *Id.* at 4.

Defendants continue: "Because defendants' representations make clear that liquidation will not interfere with the availability of refunds after a final decision, plaintiffs cannot be irreparably harmed by liquidation." *Id.*

Plaintiffs disagree. As this Court has recognized, regardless of Defendants' representation to the Court at this time, "there is a strong possibility that liquidation will foreclose plaintiff's remedies." *Target Corp.,* 34 CIT at 1573. That possibility continues to exist even if Defendants agree to "not oppose or object to the Court's authority to order reliquidation of plaintiffs' subject entries of merchandise, or to a final decision ordering reliquidation of plaintiffs' subject entries." This proposed language does not preclude this Court, the Court of Appeals for the Federal Circuit or the Supreme Court of the United States, from concluding that liquidation precludes relief, either *sua sponte*, or on application from a litigant accorded standing, or if Defendants ask this Court to resolve this issue (even if they claim that they are not opposing refunds). *See Target Corp. v. United States,* 134 F.4th 1307, 1312-13 (Fed. Cir. 2025) ("This case is governed by *Cemex*, and the CIT erred by concluding otherwise. In *Cemex*, domestic producers sought to have entries reliquidated at the rate prescribed by the CIT's judgment after Customs mistakenly liquidated those entries at a lower rate. The CIT denied a motion to enforce the judgment, and we affirmed because the liquidations became "final and conclusive upon all persons" under 19 U.S.C. § 1514(a)."). For these reasons, Plaintiffs require either an injunction against liquidation to preserve the status of the entries as unliquidated, or a binding stipulation that Defendants will treat the entries as unliquidated and pay refunds on the affected entries without the need for a court-ordered reliquidation.

Moreover, Plaintiffs are concerned that Department of Justice officials could attempt to find loopholes in Defendants' proposed representations, which would result in severely restricting parties to whom refunds would be paid.

In short, Plaintiffs believe that it is critical that the issues raised in *AGS Company* and here be resolved by this Court rather than a joint stipulation which we respectfully submit is not sufficient to protect Plaintiffs' interests.

### C.      The Balance of Interests Favors Plaintiffs

In *Section 301 Cases*, this Court recognized that suspending liquidation "will impose a burden on the Government" but nevertheless held that the balance of interests favored granting relief:

> The balance of the equities tips in Plaintiffs' favor. Plaintiffs seek narrow relief, the suspension of liquidation. Although the administrative burden on the Government to effectuate the suspension of liquidation is not insignificant, . . . the court can fashion an injunction which allows the Government to minimize that burden.
>
> Plaintiffs' request for relief is narrow; Plaintiffs ask for the suspension of liquidation. Pls.' Mot. at 1. Suspension of liquidation maintains the status quo: the Government will still collect the duties pending the merits determination, but as liquidation is the final computation of duties, their finality is delayed. If Plaintiffs are unsuccessful in their challenge, the Government will not lose any revenue.

*Id*. at 1370.

Identical considerations support granting Plaintiffs' motion in this case. Moreover, unlike the *Section 301 Cases*, in which this Court had not issued a final decision prior to balancing the equities, in this case, the Federal Circuit already has held that the IEEPA Duties are unlawful and the Supreme Court is expected to issue its decision on the merits in the near future. Thus, the suspension of liquidation should be short-lived regardless of the ultimate outcome of this case. Should the Supreme Court affirm the Federal Circuit decision, failure to suspend liquidation may result in an even greater burden on the Government in deciding whether liquidation is protestable and processing protests, and defending against multiple civil actions if protests are denied than the burden imposed by suspending liquidation.

Thus, while the Government may be concerned about its burden of suspending liquidation, *AGS Company*, Consol. Court No. 25-255, ECF 25, at 5-8, that concern pales in comparison to the burden on Plaintiffs and the Government from processing protests against the liquidation of these entries. Since the Government's administrative burden exists regardless of whether liquidation is suspended, the balance of hardships clearly favors plaintiffs, who potentially will be deprived of refunds which they are owed if entries liquidate (assuming that the Supreme Court strikes down the IEEPA Duties.)

### D.      The Public Interest Strongly Supports Preliminary Injunctive Relief

The public interest is overwhelmingly served by suspending liquidation of entries for goods for which IEEPA Duties paid have already been held unlawful by the Federal Circuit. Allowing liquidation to proceed may undercut judicial review and risk permitting unlawful duties to become permanent. *Section 301 Cases* discussed this factor as follows:

> Even accepting Defendants' position as correct, the issuance of an injunction does not undermine that interest, it merely maintains the status quo. . . . Indeed, preserving judicial review of the application of the underlying legislation fosters the public interest in the lawful application of that legislation. . . . If the Government's argument is that it serves the public's interest to retain duties ultimately determined to be unlawful, to render meaningless a determination as to lawfulness, the Government is mistaken.

*Id*. at 1372.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this application for a Temporary Restraining Order and Motion for a Preliminary Injunction, suspending liquidation of Plaintiffs' entries for which IEEPA Duties were paid pursuant to the IEEPA Tariff Orders.

Respectfully submitted,

*/s/ Erik D. Smithweiss*
Erik D. Smithweiss
Joseph M. Spraragen*
Andrew T. Schutz**
Ned H. Marshak
Jordan C. Kahn**

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP

707 Wilshire Boulevard
Suite 4150
Los Angeles, CA 90017-3720
(213) 452-0863
esmithweiss@gdlsk.com

*599 Lexington Ave., 36th Floor
New York, NY 10022
(212) 557-4000

**1201 New York Ave., NW, Ste. 650
Washington, DC 20005
(202) 783-6881

*Counsel for Plaintiffs*

Dated: December 12, 2025

**EXHIBIT A**

**HTS CODES**

| EO Authority | Subheading | Short Description | Current General Rate | IEEPA Category |
|---|---|---|---|---|
| Executive Order 14193 | 9903.01.10 | IEEPA Fentanyl Canada | The duty provided in the applicable subheading + 35% | Fentanyl |
| Executive Order 14193 | 9903.01.13 | IEEPA Fentanyl Canada - Energy | The duty provided in the applicable subheading + 10% | Fentanyl |
| Executive Order 14193 | 9903.01.15 | IEEPA Fentanyl Canada - Potash | The duty provided in the applicable subheading + 10% | Fentanyl |
| Executive Order 14193 | 9903.01.16 | IEEPA Fentanyl Canada - Transshipment | The duty provided in the applicable subheading + 40% | Fentanyl |
| Executive Order 14194 | 9903.01.01 | IEEPA Fentanyl Mexico | The duty provided in the applicable subheading + 25% | Fentanyl |
| Executive Order 14194 | 9903.01.05 | IEEPA Fentanyl Mexico - Potash | The duty provided in the applicable subheading +10% | Fentanyl |
| Executive Order 14195 | 9903.01.20 | IEEPA Fentanyl China/HK | The duty provided in the applicable subheading + 10% | Fentanyl |
| Executive Order 14195 | 9903.01.24 | IEEPA Fentanyl China/HK | The duty provided in the applicable subheading + 10% | Fentanyl |
| Executive Order 14257 | 9903.01.25 | IEEPA RT Baseline | The duty provided in the applicable subheading + 10% | Reciprocal |
| Executive Order 14257 | 9903.01.43 | IEEPA RT Cameroon/Congo | The duty provided in the applicable subheading + 11% | Reciprocal |
| Executive Order 14257 | 9903.01.44 | IEEPA RT Chad/Equatorial Guinea | The duty provided in the applicable subheading + 13% | Reciprocal |
| Executive Order 14257 | 9903.01.45 | IEEPA RT Nigeria | The duty provided in the applicable subheading + 14% | Reciprocal |
| Executive Order 14257 | 9903.01.46 | IEEPA RT Norway/Venezuela | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14257 | 9903.01.47 | IEEPA RT Mozambique | The duty provided in the applicable subheading + 16% | Reciprocal |
| Executive Order 14257 | 9903.01.48 | IEEPA RT Israel/Malawi/Philippines/Zambia | The duty provided in the applicable subheading + 17% | Reciprocal |
| Executive Order 14257 | 9903.01.49 | IEEPA RT Nicaragua/Zimbabwe | The duty provided in the applicable subheading + 18% | Reciprocal |

| Executive Order 14257 | 9903.01.50 | IEEPA RT EU/Jordan | The duty provided in the applicable subheading + 20% | Reciprocal |
|---|---|---|---|---|
| Executive Order 14257 | 9903.01.51 | IEEPA RT Côte d'Ivoire/Namiba | The duty provided in the applicable subheading + 21% | Reciprocal |
| Executive Order 14257 | 9903.01.52 | IEEPA RT Vanuatu | The duty provided in the applicable subheading + 22% | Reciprocal |
| Executive Order 14257 | 9903.01.53 | IEEPA RT Brunei/Japan/Malaysia | The duty provided in the applicable subheading + 24% | Reciprocal |
| Executive Order 14257 | 9903.01.54 | IEEPA RT South Korea | The duty provided in the applicable subheading + 25% | Reciprocal |
| Executive Order 14257 | 9903.01.55 | IEEPA RT India | The duty provided in the applicable subheading + 26% | Reciprocal |
| Executive Order 14257 | 9903.01.56 | IEEPA RT Kazakhstan | The duty provided in the applicable subheading + 27% | Reciprocal |
| Executive Order 14257 | 9903.01.57 | IEEPA RT Tunisia | The duty provided in the applicable subheading + 28% | Reciprocal |
| Executive Order 14257 | 9903.01.58 | IEEPA RT Pakistan | The duty provided in the applicable subheading + 29% | Reciprocal |
| Executive Order 14257 | 9903.01.59 | IEEPA RT Algeria/Nauru/South Africa | The duty provided in the applicable subheading + 30% | Reciprocal |
| Executive Order 14257 | 9903.01.60 | IEEPA RT Libya/Moldova/Switzerland | The duty provided in the applicable subheading + 31% | Reciprocal |
| Executive Order 14257 | 9903.01.61 | IEEPA RT Angola/Fiji/Indonesia/Taiwan | The duty provided in the applicable subheading + 32% | Reciprocal |
| Executive Order 14257 | 9903.01.62 | IEEPA RT North Macedonia | The duty provided in the applicable subheading + 33% | Reciprocal |
| Executive Order 14257 | 9903.01.63 | IEEPA RT China/HK/Macau | The duty provided in the applicable subheading + 34% | Reciprocal |
| Executive Order 14257 | 9903.01.64 | IEEPA RT Bosnia and Herzegovina | The duty provided in the applicable subheading + 35% | Reciprocal |
| Executive Order 14257 | 9903.01.65 | IEEPA RT Thailand | The duty provided in the applicable subheading + 36% | Reciprocal |
| Executive Order 14257 | 9903.01.66 | IEEPA RT Bangladesh/Botswana/Liechenstein/Se | The duty provided in the applicable subheading + 37% | Reciprocal |

| | | | | |
|---|---|---|---|---|
| Executive Order 14257 | 9903.01.67 | IEEPA RT Guyana | The duty provided in the applicable subheading + 38% | Reciprocal |
| Executive Order 14257 | 9903.01.68 | IEEPA RT Iraq | The duty provided in the applicable subheading + 39% | Reciprocal |
| Executive Order 14257 | 9903.01.69 | IEEPA RT Mauritius | The duty provided in the applicable subheading + 40% | Reciprocal |
| Executive Order 14257 | 9903.01.70 | IEEPA RT Falkland Islands/Syria | The duty provided in the applicable subheading + 41% | Reciprocal |
| Executive Order 14257 | 9903.01.71 | IEEPA RT Myanmar/Sri Lanka | The duty provided in the applicable subheading + 44% | Reciprocal |
| Executive Order 14257 | 9903.01.72 | IEEPA RT Vietnam | The duty provided in the applicable subheading + 46% | Reciprocal |
| Executive Order 14257 | 9903.01.73 | IEEPA RT Madagascar | The duty provided in the applicable subheading + 47% | Reciprocal |
| Executive Order 14257 | 9903.01.74 | IEEPA RT Laos | The duty provided in the applicable subheading + 48% | Reciprocal |
| Executive Order 14257 | 9903.01.75 | IEEPA RT Madagascar | The duty provided in the applicable subheading + 49% | Reciprocal |
| Executive Order 14257 | 9903.01.76 | IEEPA RT Lesotho | The duty provided in the applicable subheading + 50% | Reciprocal |
| Executive Order 14323 | 9903.01.77 | IEEPA Brazil | The duty provided in the applicable subheading + 40% | Brazil |
| Executive Order 14326 | 9903.02.01 | IEEPA RT - Transshipment | The duty provided in the applicable subheading + 40% | Reciprocal |
| Executive Order 14326 | 9903.02.02 | IEEPA RT Afghanistan | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.03 | IEEPA RT Algeria | The duty provided in the applicable subheading + 30% | Reciprocal |
| Executive Order 14326 | 9903.02.04 | IEEPA RT Angola | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.05 | IEEPA RT Bangladesh | The duty provided in the applicable subheading + 20% | Reciprocal |
| Executive Order 14326 | 9903.02.06 | IEEPA RT Bolivia | The duty provided in the applicable subheading + 15% | Reciprocal |

| Executive Order 14326 | 9903.02.07 | IEEPA RT Bosnia and Herzegovina | The duty provided in the applicable subheading + 30% | Reciprocal |
|---|---|---|---|---|
| Executive Order 14326 | 9903.02.08 | IEEPA RT Botswana | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.10 | IEEPA RT Brunei | The duty provided in the applicable subheading + 25% | Reciprocal |
| Executive Order 14326 | 9903.02.11 | IEEPA RT Cambodia | The duty provided in the applicable subheading + 19% | Reciprocal |
| Executive Order 14326 | 9903.02.12 | IEEPA RT Cameroon | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.13 | IEEPA RT Chad | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.14 | IEEPA RT Costa Rica | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.15 | IEEPA RT Côte d'Ivoire | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.16 | IEEPA RT Congo | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.17 | IEEPA RT Ecuador | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.18 | IEEPA RT Equatorial Guinea | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.21 | IEEPA RT Falkland Islands | The duty provided in the applicable subheading + 10% | Reciprocal |
| Executive Order 14326 | 9903.02.22 | IEEPA RT Fiji | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.23 | IEEPA RT Ghana | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.24 | IEEPA RT Guyana | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.25 | IEEPA RT Iceland | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.26 | IEEPA RT India | The duty provided in the applicable subheading + 25% | Reciprocal |

| Executive Order 14326 | 9903.02.27 | IEEPA RT Indonesia | The duty provided in the applicable subheading + 19% | Reciprocal |
|---|---|---|---|---|
| Executive Order 14326 | 9903.02.28 | IEEPA RT Iraq | The duty provided in the applicable subheading + 35% | Reciprocal |
| Executive Order 14326 | 9903.02.29 | IEEPA RT Israel | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.30 | IEEPA RT Japan (retired September 16, 2025; refe | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.31 | IEEPA RT Jordan | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.32 | IEEPA RT Kazakhstan | The duty provided in the applicable subheading + 25% | Reciprocal |
| Executive Order 14326 | 9903.02.33 | IEEPA RT Laos | The duty provided in the applicable subheading + 40% | Reciprocal |
| Executive Order 14326 | 9903.02.34 | IEEPA RT Lesotho | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.35 | IEEPA RT Libya | The duty provided in the applicable subheading + 30% | Reciprocal |
| Executive Order 14326 | 9903.02.36 | IEEPA RT Liechtenstein | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.37 | IEEPA RT Madagascar | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.38 | IEEPA RT Malawi | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.39 | IEEPA RT Malaysia | The duty provided in the applicable subheading + 19% | Reciprocal |
| Executive Order 14326 | 9903.02.40 | IEEPA RT Mauritius | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.41 | IEEPA RT Moldova | The duty provided in the applicable subheading + 25% | Reciprocal |
| Executive Order 14326 | 9903.02.42 | IEEPA RT Mozambique | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.43 | IEEPA RT Myanmar | The duty provided in the applicable subheading + 40% | Reciprocal |

| Executive Order 14326 | 9903.02.44 | IEEPA RT Namibia | The duty provided in the applicable subheading + 15% | Reciprocal |
|---|---|---|---|---|
| Executive Order 14326 | 9903.02.45 | IEEPA RT Nauru | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.46 | IEEPA RT New Zealand | The duty provided in the applicable subheading + 18% | Reciprocal |
| Executive Order 14326 | 9903.02.47 | IEEPA RT Nicaragua | The duty provided in the applicable subheading + 18% | Reciprocal |
| Executive Order 14326 | 9903.02.48 | IEEPA RT Nigeria | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.49 | IEEPA RT Macedonia | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.50 | IEEPA RT Norway | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.51 | IEEPA RT Pakistan | The duty provided in the applicable subheading + 19% | Reciprocal |
| Executive Order 14326 | 9903.02.52 | IEEPA RT Papua New Guinea | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.53 | IEEPA RT Philippines | The duty provided in the applicable subheading + 19% | Reciprocal |
| Executive Order 14326 | 9903.02.54 | IEEPA RT Serbia | The duty provided in the applicable subheading + 35% | Reciprocal |
| Executive Order 14326 | 9903.02.55 | IEEPA RT South Africa | The duty provided in the applicable subheading + 30% | Reciprocal |
| Executive Order 14326 | 9903.02.56 | IEEPA RT South Korea | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.57 | IEEPA RT Sri Lanka | The duty provided in the applicable subheading + 20% | Reciprocal |
| Executive Order 14326 | 9903.02.58 | IEEPA RT Switzerland | The duty provided in the applicable subheading + 39% | Reciprocal |
| Executive Order 14326 | 9903.02.59 | IEEPA RT Syria | The duty provided in the applicable subheading + 41% | Reciprocal |
| Executive Order 14326 | 9903.02.60 | IEEPA RT Taiwan | The duty provided in the applicable subheading + 20% | Reciprocal |

| Executive Order 14326 | 9903.02.61 | IEEPA RT Thailand | The duty provided in the applicable subheading + 19% | Reciprocal |
|---|---|---|---|---|
| Executive Order 14326 | 9903.02.62 | IEEPA RT Trinidad | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.63 | IEEPA RT Tunisia | The duty provided in the applicable subheading + 25% | Reciprocal |
| Executive Order 14326 | 9903.02.64 | IEEPA RT Turkey | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.65 | IEEPA RT Uganda | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.66 | IEEPA RT UK | The duty provided in the applicable subheading + 10% | Reciprocal |
| Executive Order 14326 | 9903.02.67 | IEEPA RT Vanuatu | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.68 | IEEPA RT Venezueala | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.69 | IEEPA RT Vietnam | The duty provided in the applicable subheading + 20% | Reciprocal |
| Executive Order 14326 | 9903.02.70 | IEEPA RT Zambia | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14326 | 9903.02.71 | IEEPA RT Zimbabwe | The duty provided in the applicable subheading + 15% | Reciprocal |
| Executive Order 14345 | 9903.02.19 | IEEPA RT EU "floor rate" | The duty  provided in the applicable subheading<br><br>(AKA If MFN > or = 15%, then only MFN applies) | Reciprocal |
| Executive Order 14345 | 9903.02.20 | IEEPA RT EU "cap rate" | 15%  (AKA  If MFN <15%, then cap at 15% (comprised of MFN + Reciprocal). | Reciprocal |

| Executive Order 14345 | 9903.02.72 | IEEPA RT Japan "floor rate" | The duty provided in the applicable subheading<br><br>(AKA If MFN > or = 15%, then only MFN applies) | Reciprocal |
|---|---|---|---|---|
| Executive Order 14345 | 9903.02.73 | IEEPA RT Japan "cap rate" | 15%  (AKA If MFN <15%, then cap at 15% (comprised of MFN + Reciprocal). | Reciprocal |
| Executive Order 14346 | 9903.02.79 | IEEPA RT South Korea "floor rate" | The duty provided in the applicable subheading<br><br>(AKA If MFN > or = 15%, then only MFN applies) | Reciprocal |
| Executive Order 14346 | 9903.02.80 | IEEPA RT South Korea "cap rate" | 15%  (AKA If MFN <15%, then cap at 15% (comprised of MFN + Reciprocal). | Reciprocal |

**EXHIBIT B**

**LIST OF PLAINTIFFS**

## LIST OF CONSOLIDATED CASES

25-00291    CLYDE DUNEIER INC v. United States, et al.

25-00307    Keto-Check Inc v. United States, et al.

25-00322    Strato Technology Solutions, LLC v. United States, et al.

25-00335    Fantasia Accessories LTD v. United States, et al.

25-00336    Jovani Fashion Ltd. v. United States, et al.

25-00337    Ecologic Industries, LLC v. United States, et al.

25-00339    Lifetime Brands, Inc. v. United States, et al.

25-00341    Schumacher GmbH v. United States, et al.

25-00342    Mark Foods Inc. and Mark Foods LLC v. United States, et al.

25-00353    Core H&F Logistics LLC v. United States, et al.

25-00355    Puma United North America LLC v. United States, et al.

25-00356    Jonathan Y Designs Inc v. United States, et al.

25-00357    High Point Design LLC v. United States, et al.

25-00358    United Paper & Craft LLC v. United States, et al.

25-00359    Spray Moret LLC v. United States, et al.

25-00360    Spencer Gifts LLC v. United States, et al.

25-00361    STAR SNACKS CO LLC v. United States, et al.

25-00362    Sunnyside Digital Inc. v. United States, et al.

25-00364    Jacques Moret, Inc. v. United States, et al.

25-00365    DAVID PEYSER SPORTSWEAR INC v. United States, et al.

25-00366    The Levy Group Inc. v. United States, et al.

25-00367    HIS International LLC v. United States, et al.

25-00368     United Legwear Company LLC v. United States, et al.

25-00369     International Intimates Inc. v. United States, et al.

25-00370     ROE VISUAL US INC v. United States, et al.

25-00371     MARKWINS BEAUTY BRANDS, INC. v. United States, et al.

25-00372     Bristol Seafood LLC v. United States, et al.

25-00373     Xtreme Personal Care, Inc. v. United States, et al.

25-00374     LINA GALE, INC. v. United States, et al.

25-00375     Fisher Footwear LLC v. United States, et al.

25-00377     Devent LLC v. United States, et al.

25-00378     Jem Accessories, Inc. v. United States, et al.

25-00380     H.E.R. ACCESSORIES LTD v. United States, et al.

25-00382     AD Sutton & Sons, Inc. v. United States, et al.

25-00383     G-III Apparel Group Ltd v. United States, et al.

25-00384     Toby Enterprises II Corp v. United States, et al.

25-00385     The Wheelership LLC v. United States, et al.

25-00388     Watts Regulator Company v. United States, et al.

25-00389     AERCO International, Inc. v. United States, et al.

25-00390     Acadian Crossing Consumer Products LLC v. United States, et al.

25-00391     Dormont Manufacturing Company v. United States, et al.

25-00392     Watts Heating and Hot Water Solutions LLC (Dba PVI Industries) v. United
             States, et al.

25-00395     YARAGHI LLC v. United States, et al.

25-00397     Bradley Company LLC v. United States, et al.

25-00398    The Jewelry Group Inc. v. United States, et al.

25-00401    Intelligent Water Solutions by Watts Inc. v. United States, et al.

25-00402    One Jeanswear Group LLC v. United States, et al.

25-00404    Galaxy Active LLC v. United States, et al.

25-00406    Josam Industries LLC v. United States, et al.

25-00408    Accutime Watch Corp v. United States, et al.

25-00409    Merlin Solar Technologies, Inc. v. United States, et al.

25-00411    I-CON Systems LLC v. United States, et al.

25-00414    Tekmar Control Systems Inc v. United States, et al.

25-00415    Kasper Group LLC v. United States, et al.

**EXHIBIT C**

**DECLARATION OF NED H. MARSHAK**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE THREE-JUDGE PANEL: GARY S. KATZMANN, JUDGE, TIMOTHY M. REIF, JUDGE, JANE A. RESTANI, JUDGE**

| | |
|---|---|
| ————————————————x | |
| : | |
| STRATO TECHNOLOGY SOLUTIONS, LLC, : | |
| *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | Consol. Court No. 25-00322 3JP |
| v. : | |
| : | |
| UNITED STATES, U.S. CUSTOMS AND : | |
| BORDER PROTECTION, and RODNEY S. : | |
| SCOTT, in his official capacity as Commissioner : | |
| of U.S. Customs and Border Protection, : | |
| : | |
| Defendants. : | |
| ————————————————x | |

## <u>DECLARATION OF NED H. MARSHAK</u>

Ned H. Marshak hereby declares and says:

1. I am a partner with the law firm Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, attorneys for Plaintiffs, Strato Technology Solutions, LLC, *et al.* (collectively, "Plaintiffs) in this consolidated action. I make this declaration in support of Plaintiffs' application for a temporary restraining order and motion for a preliminary injunction restraining liquidation of certain entries on which Plaintiffs have paid IEEPA Duties, whose legality is subject to this consolidated Civil Action.

2. Plaintiffs are U.S. importers of record ("IORs") of merchandise from China and other countries.

3. Beginning in February 2025, through a series of executive orders, President Trump invoked the International Emergency Economic Powers Act ("IEEPA") as authority to impose tariffs ("IEEPA Duties") on goods imported from nearly every foreign country, including countries from which Plaintiffs sources its imports.

4. As IORs, Plaintiffs paid IEEPA Duties on their imports.

5. IEEPA Duties were imposed pursuant to multiple Executive Orders ("IEEPA Tariff Orders") whose legality is the subject of *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312

(Fed. Cir. 2025), *cert. granted*, No. 25-250, 2025 WL 2601020 (U.S. Sept. 9, 2025); *see also Learning Res., Inc. v. Trump*, 784 F. Supp. 3d 209 (D.D.C. 2025), *cert. granted before judgment*, No. 24-1287, 2025 WL 2601021 (U.S. Sept. 9, 2025) (collectively "*V.O.S. Selections*").

6.  IEEPA Duties paid on the subject entries were held to be unlawful by the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") in *V.O.S. Selections.* After granting the Government's Petition for Certiorari, the Supreme Court heard oral argument in these cases on November 5, 2025, and a decision is expected in the near future. If the Supreme Court affirms the Federal Circuit, Plaintiffs should be entitled to a duty refund on all entries on which they paid IEEPA Duties.

7.  In December 2025, Plaintiffs filed Summons' and Complaints' in their cases in this Court challenging the legality of the IEEPA Tariff Orders and the IEEPA Duties, under 28 U.S.C. § 1581(i), this Court's residual basis of jurisdiction.

8.  There exists the possibility that if Plaintiffs' entries are liquidated, Plaintiffs will not have the right to protest the liquidations and to recover IEEPA Duties after litigation in this court under 28 U.S.C. § 1581(a), even if the Supreme Court concludes that the IEEPA Tariff Orders and IEEPA Duties are contrary to law. See *Target Corp. v. United States*, 34 CIT 1570 (2010); *Section 301 Cases*, 524 F. Supp. 3d 1355 (CIT 2021).

9.  Customs and Border Protection ("CBP") typically liquidates customs entries within 314 days of entry to avoid liquidations by operations of law, since unless liquidation is extended or suspended, entries are deemed liquidated, as entered, within one year of entry, pursuant to 19 U.S.C. § 1504(a)(1). *Final Rule*, 81 Fed. Reg. 89,375, 89,376 (Dec. 12, 2016).

10. Liquidation of Plaintiffs entries, based on the 314 typical liquidation cycle, and date on which IEEPA Duties were paid, could be as early as December 12, 2025.

11. Unless this court grants this application for a temporary restraining order and motion for a preliminary injunction, Plaintiffs' entries may be liquidated as entered, and Plaintiffs may not be able to recover IEEPA Duties, even if such IEEPA Duties are determined to be contrary to law.

12. Because liquidation may foreclose the possibility of Plaintiffs recovering IEEPA Duties, Plaintiffs ask this court to enjoin CBP from liquidating Plaintiffs' entries at this time.

13. Plaintiffs' inability to recover IEEPA Duties on liquidated entries constitutes irreparable injury. In contrast, an injunction against liquidation preserves the status quo pending the outcome of *V.O.S. Selections* and this action contesting assessment of IEEPA Duties.

14. On December 11-12, 2025, my law firm exchanged email correspondence with Justin R. Miller, Esq., of the U.S. Department of Justice, counsel for Defendants, concerning Plaintiffs' Application for Temporary Restraining Order and Motion for Preliminary

Injunction. We also provided a draft of this submission and exchanged proposed stipulations. We did not reach agreement on a stipulation.

I declare under penalty of perjury that the foregoing is true and correct to best of my knowledge and belief.

Executed on December 12, 2025

_____
Ned H. Marshak, Esq.

15076089_1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on December 12, 2025, a copy of Plaintiffs' *Ex Parte* Application for Temporary Restraining Order and Plaintiffs' Motion for Preliminary Injunction Against Liquidation of Certain Entries and Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Preliminary Injunction and Application for a Temporary Restraining Order was served on the following counsel and parties to the proceeding, via email:

**<u>ON BEHALF OF DEFENDANTS UNITED STATES, U.S. CUSTOMS AND BORDER PROTECTION, COMMISSIONER RODNEY S. SCOTT</u>:**

**Attorney-in-Charge Justin R. Miller, Esq.**
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza - Room 346
Civil Division
New York, NY 10278
Email: civil.itfoecf@usdoj.gov;
      Justin.R.Miller@usdoj.gov

*/s/ Jordan C. Kahn*
Jordan C. Kahn